<div style="border:1px solid">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5598-17T3

MICHAEL K. ORGERA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

―――――――――――――――

    Argued December 2, 2019 – Decided January 17, 2020

    Before Judges Fasciale and Moynihan.

    On appeal from the New Jersey Department of Corrections.

    Eric J. Marcy argued the cause for appellant (Wilentz, Goldman & Spitzer, PC, attorneys; Eric J. Marcy, of counsel and on the brief).

    Tasha Marie Bradt, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Tasha Marie Bradt, on the brief).

PER CURIAM

Appellant Michael K. Orgera appeals from the final decision of the Department of Corrections (DOC) assigning him to "medium" custody status assignment, applying an E-1 Code override (E-1 override) pursuant to N.J.A.C. 10A:9-2.14(a)(5), thereby imposing a permanent bar from assignment to any lesser custody status, N.J.A.C. 10A:9-2.14(d).  On appeal, he argues:

POINT I

THE PURPOSE OF THE CLASSIFICATION PROCESS, I.E., SECURITY, AND THE BLIND APPLICATION OF THE E-1 APPLICATION IN THIS CASE IS ARBITRARY AND UNFAIR.

A.  APPELLANT'S STANDARDIZED OBJECTIVE ASSESSMENT DETERMINED HIS ELIGIBILITY FOR MINIMUM CUSTODY STATUS.

B.  THE APPLICATION OF THE E-1 OVERRIDE WAS BASED ON ALLEGATIONS TO WHICH APPELLANT DID NOT PLEAD GUILTY.

C.  THE APPLICATION OF THE E-1 OVERRIDE FOR ALLEGATIONS NOT THE SUBJECT OF THE PLEA OR CONVICTION – N.J.A.C. 10A:9-4.7, AS APPLIED IN THIS CASE, IS ARBITRARY AND VIOLATES PROCEDURAL AND SUBSTANTIVE DUE PROCESS.

D.  TREATING THIS PLEA AND CONVICTION AS A SEX OFFENSE IS CONTRARY TO APPELLANT'S EXPECTATION WHEN ENTERING INTO THE PLEA AGREEMENT IN

2

THIS CASE AND THE DISCLAIMER IN THE PRE-
SENTENCE REPORT.

    E.    APPELLANT DOES NOT PRESENT A
SECURITY RISK THAT JUSTIFIES A "MEDIUM"
CLASSIFICATION IMPOSED BY THE E-1
OVERRIDE.

    F.    TO RE-CLASSIFY A NON-SEX
OFFENSE AS A SEX OFFENSE, CONTRARY TO
THE TERMS OF A PLEA AGREEMENT AND
CONVICTION, IS ARBITRARY AND DENIES
APPELLANT PROCEDURAL FAIRNESS.

We reverse and vacate the DOC's final decision to apply the E-1 override.

Following his arrest on charges that he sexually assaulted two of his nieces who were under the age of thirteen, appellant was indicted for two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (counts one and four), two counts of second-degree sexual assault—victim under thirteen and defendant four years older, N.J.S.A. 2C:14-2(b) (counts two and five), and two counts of third-degree endangering the welfare of a child—sexual conduct which would impair or debauch a child's morals, N.J.S.A. 2C:24-4(a)(1) (counts three and six). Appellant accepted the State's plea offer and pleaded guilty to counts three and six as amended to second-degree endangering—abuse/neglect of a child by person with legal duty to care, N.J.S.A. 2C:24-4(a)(2). The following colloquy during the plea hearing established the factual basis for the plea:

A-5598-17T3

[DEFENSE COUNSEL:] Now, the statute as it's been amended indicates or reads: Any person that has a legal duty to take care for the children or has assumed responsibility of a child is guilty if they cause the child harm that would make the child an abused or neglected child as defined in [N.J.S.A.] 9:6-1.

So would you agree that you had on numerous occasions between those dates, July of 2015 and July of 2016, assumed responsibility for those two children in the Township of Brick?

[DEFENDANT:] Yes.

[DEFENSE COUNSEL:] All right. Now, the subsection of the abuse that we had discussed was that you would on those occasions habitually use what consists of profane, indecent or obscene language in front of both of the children; correct?

[DEFENDANT:] Yes.

[DEFENSE COUNSEL:] All right. And you understand by doing that, you caused the child harm, both children harm that would make them an abused or neglected child as I just defined it?

[DEFENDANT:] Yes.

Defendant was subsequently sentenced pursuant to the plea agreement to State prison. All other counts of the indictment were dismissed.

Appellant was initially eligible for recommendation for placement into "minimum" custody status after receiving a custody status score of four on the Initial Instrument for Male Inmates. See N.J.A.C. 10A:9-2.4(a)(3). A DOC

4

technical assistant applied for an E-1 Override to "medium" custody status; the reason set forth on the request form was: "2 cts EWOC 2° Both with sexual overtones." After a director approved the request, see N.J.A.C. 10A:9-2.14(a), appellant filed a grievance, explaining he did not have a sexual conviction. He received the following reply from Rebecca Smith[1]: "You were made aware on [June 27, 2018] that this was a final decision made by Central office. If you have further questions, you must write to Central Offices through the kiosk remedy system." This appeal followed.

An "appropriate override code" must be applied "when an inmate cannot be assigned to the recommended custody status indicated by the custody status score on the Initial . . . [C]lassification Instrument[.]" N.J.A.C. 10A:9-2.14(a). N.J.A.C. 10A:9-2.14(a)(5) provides: "Code E-1: Permanent custody prohibition/bar. Medium custody status assignment or above only due to sexual or arson offense convictions pursuant to N.J.A.C. 10A:9-4.7."

N.J.A.C. 10A:9-4.7(c)(1) lists sexual offenses, including, "[e]ndangering welfare of children where the official version of the crime indicates that the inmate engaged in sexual contact pursuant to 2C:24-4(a) or committed an offense under 2C:24-4(b)(3, 4 or 5)." "Inmates serving sentences" for the

---

[1] The record does not disclose Rebecca Smith's title.

A-5598-17T3

enumerated offenses "are not eligible to be considered for any type of reduced

custody status[.]" N.J.A.C. 10A:9-4.7(a). Likewise, "[a]n inmate who has two

or more convictions, either present, prior, or a combination of present and prior"

for the enumerated offenses, "or for attempts or conspiracies to commit these

offenses . . . is not eligible for reduced custody[.]" N.J.A.C. 10A: 9-4.7(c).

We ordinarily accord a strong presumption of reasonableness to the

decision of an administrative agency, Smith v. Ricci, 89 N.J. 514, 525 (1982),

and give great deference to administrative decisions, State v. Johnson, 42 N.J.

146, 159 (1964). Indeed, we will reverse an administrative decision, only when

we find it to be "arbitrary, capricious or unreasonable[.]" Henry v. Rahway State

Prison, 81 N.J. 571, 579-80 (1980). In determining whether an agency action

was arbitrary, capricious or unreasonable, courts consider whether:

> 1) "the agency's action violates express[] or implied
> legislative policies"; 2) "the record [does not] contain[]
> substantial evidence to support the findings on which
> the agency based its action"; and 3) "in applying the
> legislative policies to the facts, the agency clearly erred
> in reaching a conclusion that could not reasonably have
> been made on a showing of the relevant factors."
>
> [Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186,
> 190 (App. Div. 2010) (second and third alterations in
> original) (quoting Circus Liquors, Inc. v. Governing
> Body of Middletown Twp., 199 N.J. 1, 10 (2009)).]

A-5598-17T3

We also recognize "a reduction in custody status is a matter of privilege, not of right." Smith v. N.J. Dep't of Corr., 346 N.J. Super 24, 30 (App. Div. 2001) (citing N.J.A.C. 10A:9-4.2). "Classification of prisoners and the decision as to what privileges they will receive rests solely within the discretion of the Commissioner of the [DOC]." Ibid. (citing N.J.S.A. 30:1B-6; N.J.S.A. 30:4-91.1); see also White v. Fauver, 219 N.J. Super. 170, 178-79 (App. Div.), (finding no constitutionally protected liberty interest in reduced custody status), modified sub nom., Jenkins v. Fauver, 108 N.J. 239 (1987).

We are constrained to remand this matter, however, because the procedure utilized by the DOC in classifying appellant was arbitrary and capricious. Although the regulatory process requires "any specific information concerning the reason for the override shall be documented and maintained in the inmate record," N.J.A.C. 10A:9-2.14(a), we perceive no indication in the record that the DOC complied with that mandate.

In its merits brief, the DOC claims that, contrary to appellant's contention that it should have considered only defendant's convictions, the Institutional Classification Committee (ICC) was permitted to and did review the judgment of conviction, presentence report, indictment and a Mental Health Parole Evaluation "to determine that the official version of his crimes reflected that he engaged in

A-5598-17T3

sexual contact and was subject to the E-1 override."  Further, the DOC states the presentence report "reflects that [appellant] was indicted on charges that he sexually assaulted his two young nieces, before eventually pleading . . . guilty [to] two counts of second-degree [e]ndangering the [w]elfare of a [c]hild[.]"  Although the record contains the documents cited in the merits brief, we are unable to determine from the brusque reply to appellant's grievance, or any other record-document prepared in connection with the override, that the now-cited documents provided the reason for the override.

Even if appellant's file does contain those documents and the reasons for the override, we determine the DOC's selection of parts of the cited documents, and its designation of same as the "official version," was arbitrary and capricious.  "Official version" is not defined in Chapter 9 of the Code.  See N.J.A.C. 10A:9-1.3.  The DOC culled select passages from certain documents in concluding what comprised the undefined standard of "official version."  Moreover, its finding was based upon allegations that the State could not prove or otherwise chose not to prosecute—charges that were ultimately dismissed.  In doing so, it seemingly disregarded those portions of the regulations that allow an override in the case of inmates "serving sentences for" the enumerated offenses, N.J.A.C. 10A:9-4.7(a) (emphasis added), or "[a]n inmate who has two

8

A-5598-17T3

or more <u>convictions</u>" for the listed crimes,  N.J.A.C. 10A:9-4.7(c) (emphasis added).

The endangering the welfare of a child offenses listed in N.J.A.C. 10A:9-4.7(c)(1) are limited.  The first—applicable here—is an endangering offense "where the official version . . . indicates that the inmate engaged in sexual contact pursuant to [N.J.S.A.] 2C:24-4(a)[.]"[2]  N.J.A.C. 10A:9-4.7(c)(1).  That statute does not specifically mention "sexual contact."  It states:

> (1)  Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child is guilty of a crime of the second degree.  Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

> (2)  Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who causes the child harm that would make the child an abused or neglected child . . . is guilty of a crime of the second degree.  Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

> [N.J.S.A. 2C:24-4(a)(1), (2).]

---

[2]  The other enumerated endangering crimes under N.J.S.A. 2C:24-4(b)(3), (4) and (5), involve child pornography.  As such, they have no relevance to this case.

A-5598-17T3

The judgment of conviction indicates appellant pleaded guilty and was sentenced on two counts of endangering under N.J.S.A. 2C:24-4(a)(2). That crime does not require "sexual contact"; if "sexual contact" occurred, it would have been charged under subsection (a)(1) that criminalizes such "sexual conduct." See N.J.S.A. 2C:24-4(a)(1). If appellant had pleaded guilty to an endangering that involved sexual conduct, the sentencing court was required to impose Megan's Law conditions, see N.J.S.A. 2C:7-2(b)(2), and parole supervision for life, see N.J.S.A. 2C:43-6.4(a). Neither of those conditions was imposed on appellant. The DOC acted arbitrarily in relying on dismissed charges, for which there was no quantum of proof established, and of which defendant was not convicted or sentenced, in applying the E-1 override.

We further conclude the DOC arbitrarily failed to consider the plea colloquy in making its determination. There is no more official version of defendant's admissions that formed the basis for his conviction and subsequent sentence than the transcript of that event. See R. 1:2-2; R. 2:5-3; R. 3:9-2; R. 3:9-3(b). And that official version clearly shows appellant did not plead guilty to an offense involving sexual contact or conduct. His crime was based on the use of "profane, indecent or obscene language in front of" his nieces.

10

In light of our holding, we need not address appellant's other arguments, some of which we would have otherwise declined to consider because they were raised for the first time on appeal, Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973), others which we determine are without sufficient merit to warrant further discussion, R. 2:11-3(e)(1)(E).

We reverse and vacate the DOC's final decision to apply the E-1 override. Ensuing proceedings, if any, shall be consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-5598-17T3