UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL K. ORGERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Respondents. | Civil Action No. 20-6957 (JMV)<br><br>**OPINION** |

　　　　Petitioner, a state prisoner, seeks to bring this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (D.E. 1.)  Petitioner has paid the $5.00 filing fee.  For the following reasons, however, the Court will dismiss the Petition for lack of jurisdiction.

　　　　This case arises from Petitioner's incarceration at Northern State Prison.  Petitioner contends that the New Jersey Department of Corrections ("DOC") Classification Department erroneously applied an "E-1 override" which placed him in medium custody status.  Petitioner argues but for the override, he would have been placed in minimum custody status, thereby reducing his sentence.  (D.E. 1 at 5-6.)  Petitioner contends that the mis-classification violated his due process rights under the Fourteenth Amendment.  (*Id.* at 6.)

　　　　Petitioner appealed the decision to the New Jersey Superior Court Appellate Division, which remanded the matter to the Department of Corrections "because the procedure utilized by the DOC in classifying appellant was arbitrary and capricious."  *Orgera v. N.J. Dep't of Corr.*, A-598-17T3 (N.J. Super Ct. App. Div. Jan. 17, 2020).  (D.E. 1-2 at 7.)  On remand, the Department of Corrections once again classified Petitioner with an E-1 override.  (D.E. 1 at 2.)

　　　　By way of background, Petitioner was sentenced in the Superior Court of New Jersey-Ocean County on April 26, 2018, of two counts of second-degree endangering-abuse/neglect of a

child by person with legal duty to care pursuant to N.J. Stat. Ann. § 2C:24-4(a)(2).  *Orgera*, A-5598-17T3 at 3.  (D.E. 1-2 at 3.)  Petitioner received a custody status of four on the "Initial Instrument for Male Inmates" making him eligible for placement into minimum custody status. (*Id.* at 4.)  However, a DOC technical assistant applied for an E-1 override because Petitioner was convicted of two counts of second degree endangering the welfare of a child - both with sexual overtones.  (*Id.* at 5.)

With that background in mind, the Petition is facially deficient because the Court does not have jurisdiction, under § 2241, to hear these claims.  A "habeas corpus petition . . . under 28 U.S.C. § 2254 is the *only* proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement."  *See, e.g.*, *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)); *see also Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Although the texts of § 2241 and § 2254 appear similar, "§ 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention . . . even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court."  *Clapper v. Thompson*, No. 13-1629, 2014 WL 4384355, at *3 (W.D. Pa. Sept. 3, 2014) (emphasis removed) (quoting *Frost v. SCI Albion*, 2011 WL 4502835, *3 (W.D. Pa. Sept. 28, 2011)).

As a result, because the Petition challenges Petitioner's custody pursuant to a state court judgment, this Court does not have jurisdiction under § 2241 to hear his claims.  Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

Although not necessary to the Court's disposition, assuming Petitioner had filed his claims under § 2254 under the proper form, the Court would dismiss those claims for failure to exhaust.

Even where a state prisoner seeks "to attack the execution, rather than validity, of his sentence," he must still "exhaust all of his state court remedies before filing a [federal] habeas petition . . ., and the petitioner bears the burden of establishing that he has met this requirement." *Rapeika v. Adm'r N. State Prison*, No. 20-5358, 2020 WL 2092790, at *1–2 (D.N.J. May 1, 2020) (citing *Coady*, 251 F.3d at 488).  Under 28 U.S.C. § 2254(b)(1), federal courts may not grant habeas relief unless a petitioner has "exhausted the remedies available in the courts of the State, there is an absence of process in the state courts, or there are circumstances which render the state process ineffective." *Id*. (internal quotation marks omitted).  "Where any available procedure remains for the [petitioner] to raise the question" in state court, the petitioner has not exhausted his available remedies. *Id*.  (quoting *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011)).

In the present case, it appears Petitioner has not exhausted his available remedies. Petitioner admits that he is waiting for the appeal of the DOC's April 27, 2020, decision.[1] (D.E. 1 at 2.)  Accordingly, had Petitioner filed his claims as a § 2254 under the proper form, the Court would have dismissed the petition for failure to exhaust.

For the foregoing reasons, the Court will dismiss the Petition.  An appropriate Order follows.

Date: 10/1/2020

JOHN MICHAEL VAZQUEZ
United States District Judge

---

[1] A transcript of correspondence between Petitioner and DOC personnel, which Petitioner appended to the instant filing, indicates his administrative appeal has been resolved and closed. (D.E. 1-1.)