**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL K. ORGERA, | |
| Petitioner, | Civil Action No. 20-6957 (JMV) |
| v. | **OPINION & ORDER** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Before the Court is Petitioner's motion to seal or otherwise restrict public access. (D.E. 7, 9.) For the reasons discussed below, the Court will deny the motion to seal.

This case arose from Petitioner's incarceration at Northern State Prison. Petitioner had argued that the New Jersey Department of Corrections ("DOC") Classification Department erroneously applied an "E-1 override" which placed him in medium custody status. Petitioner argued that but for the override, he would have been placed in minimum custody status, thereby reducing his sentence. (D.E. 1, at 5–6.)

By way of background, Petitioner was sentenced in the Superior Court of New Jersey, Ocean County, on April 26, 2018, on two counts of second-degree endangering the welfare of a child, abuse/neglect of a child by a person with legal duty to care, pursuant to N.J. Stat. Ann. § 2C:24-4(a)(2). (D.E. 1-2, at 3.) Petitioner received a custody status of four on the "Initial Instrument for Male Inmates," which made him eligible for placement into minimum custody status. (*Id*. at 4.) However, a DOC technical assistant applied for an E-1 override, giving Petitioner medium custody status, after concluding that his convictions for second-degree endangering the

welfare of a child had sexual overtones. (*Id*. at 5.)  The DOC and Petitioner vigorously contested whether his convictions had sexual overtones. (*Id.* at 3–11.)

Ultimately, the Appellate Division found that the DOC's decision was arbitrary and capricious, reversed and vacated the "DOC's final decision to apply the E-1 override," and held that future proceedings must be consistent with its opinion. (*Id*. at 7–11.)  On remand, the DOC once again classified Petitioner with an E-1 override. (D.E. 1, at 2.)  Petitioner filed the § 2241 Petition in this case to challenge his E-1 override, and this Court dismissed the Petition for lack of jurisdiction. (D.E. 2.)

Petitioner filed the instant motion to seal in April of 2022 and supplemented his motion in November of 2022. (D.E. 7, 11.)  In his motion, Petitioner seeks the following relief:

> (1) withdraw the current version of Michael K. Orgera, Petitioner, v. New Jersey Department of Corrections, et al., Respondents, Civil Action No. 20-6957 (JMV), dated October 1, 2020; (2) issue a Redacted Opinion that substitutes for my full name ("Michael K. Orgera") and surname ("Orgera") where it appears with a pseudonym or my initials ("M.O."); (3) issue an order requiring that the Redacted Opinion supersede the current version of the Opinion; (4) direct the Clerk of the Court to ensure that the Redacted Opinion is timely substituted for the current version available in the Court's electronic filing system; (5) direct the Clerk of the Court to ensure that the Original Opinion is no longer available in the cache of the Court's electronic filing system; (6) require the removal of the current Opinion from any publicly available website that publishes it; (7) provide notice to any print publisher of the Federal Supplement that the Redacted Opinion should be used in any future reprints; or (8) in the alternative, order the Opinion sealed.

(D.E. 7, at 8.)

While litigants maintain an interest in privacy, and courts have the authority to restrict public access, the public has a well-settled right to records regarding judicial proceedings. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  "The public's right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law

right to inspect and copy public records and documents, including judicial records and documents." *Id.* (internal quotation marks omitted).

This right of access, however, is not absolute, and courts must balance that right against the movant's interests in privacy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *see also In re Cendant Corp.*, 260 F.3d at 194. "To overcome the presumption, a party must demonstrate that 'good cause' exists for protection of the material at issue." *E.g.*, *Nexus Pharms., Inc. v. Nevakar, Inc.*, No. 22-5683, 2023 WL 1067241, at *1 (D.N.J. Jan. 27, 2023) (quoting *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). "Good cause exists when a party makes a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Securimetrics*, 2006 WL 827889, at *2); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, will not demonstrate good cause. *Pansy*, 23 F.3d at 786.

Further, in this District, Local Rule 5.3 requires a court to consider, in relevant part, the following:

>(a) the nature of the materials or proceedings at issue;
>
>(b) the legitimate private or public interest which warrants the relief sought;
>
>(c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
>(d) why a less restrictive alternative to the relief sought is not available;
>
>(e) any prior order sealing the same materials in the pending action; and

>  (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3); *e.g.*, *Nexus Pharms., Inc. v. Nevakar, Inc.*, No. 22-5683, 2023 WL 1094162, at *1 (D.N.J. Jan. 27, 2023).

Applying those principles here, Petitioner seeks, among other things, to redact the Court's October 1, 2020, Opinion to include only his initials or seal the entire Opinion. (D.E. 7, at 8.) Petitioner contends that he has a legitimate privacy interest related to his legal name because his "legal name is in the Opinion's title and in the Opinion itself, [and] the Opinion appears on various websites and in . . . search results related to [his] name." (D.E. 7, at 3.) He argues that a clearly defined and serious injury may result because this Court's Opinion "might cause one reading . . . [it] to (incorrectly) believe that [he] was classified correctly with an E-1 override."[1] (*Id.* at 6.) In other words, Petitioner argues that a reader of the Opinion would conclude that Petitioner's convictions for second-degree endangering the welfare of a child involved a sexual component, as opposed to non-sexual versions of that offense. Based on that premise, Petitioner alleges that failing to seal or redact the Opinion "has caused and continues to cause a profoundly negative effect" on his "pursuit of educational and employment endeavors, including severe emotional distress." (*Id.* at 4.) He also alleges that he suffers "psychological, emotional, and reputational harms," each day that the Opinion, in its current version, is readily accessible for review." (*Id.* at 5.)

At the outset, when Petitioner filed this action in June of 2020, he did so "without expressing any . . . [privacy] concerns or seeking the sealing of these proceedings." *Milhouse v. Ebbert*, No. 15-0013, 2017 WL 5484014, at *3 (M.D. Pa. Nov. 15, 2017). Petitioner should have

---

[1] Petitioner does not state whether he eventually, successfully challenged the second E-1 Override, only that he disputes the decision. (D.E. 7, 11.)

had similar privacy concerns because the information he seeks to conceal--his name, its connection with his second E-1 override, and the definition of an E-1 override--are readily available in his § 2241 Petition and the attached Appellate Division Opinion, which he does not seek to seal. (D.E. 1; D.E. 1-1; D.E. 7.)  It was not until nearly a year later, in April 2021, that Petitioner first sought to seal or otherwise restrict public access in this matter. (D.E. 5.)

In any event, the Court finds that Petitioner has failed to meet his heavy burden to show that disclosure of his full name in the Opinion, or failing to seal the entire Opinion, will work a clearly defined and serious injury.  Petitioner argues that he is suffering emotional, psychological, and reputational harms from having his name in the Court's earlier Opinion but offers no concrete examples of those harms. (D.E. 7.)  Other courts have routinely rejected motions to seal based on vague allegations of "unnecessary shame and embarrassment," "damage to reputation, friendships, and family life," and the potential destruction of one's "personal and professional lives." *See, e.g.*, *Rossi v. Schlarbaum*, No. 07-3792, 2008 WL 222323, at *1–3 (E.D. Pa. Jan. 25, 2008); *see also Strike 3 Holdings, LLC v. Doe*, No. 21-17860, 2022 WL 2274473, at *2 (D.N.J. June 23, 2022); *Rose v. Rothrock*, No. 08-3884, 2009 WL 1175614, at *8–9 (E.D. Pa. Apr. 29, 2009).

Petitioner indicates that failing to redact the Opinion may allow "prospective employers . . . [to discover] this case resulting in adverse employment consequences," tarnish his reputation, or result in "financial losses."  *Strike 3*, 2022 WL 2274473, at *2.  These allegations, however, relate only to the possibility of harm, *i.e.*, the possibility that an employer would retrieve Petitioner's information and weigh that information against him.  Petitioner has not provided any examples of such harm.  Indeed, Petitioner filed this action nearly three years ago, and the information regarding his name and E-1 override has presumably been accessible this entire time,

5

and "yet Petitioner has not articulated any specific injury . . . to himself." *Milhouse*, 2017 WL 5484014, at *3.

Furthermore, to demonstrate such an injury, Petitioner would have to allege that employers read the Opinion and then discriminated against him because he "was classified . . . with an E-1 override," and believed that he had sex-related offenses.[2] (*Id*. at 6.) The other related information—that Petitioner was convicted of two counts of second-degree endangering the welfare of a child—is readily available elsewhere in the record.

As a result, the Court finds that Petitioner's reasoning and his "[b]road allegations of harm" fail to demonstrate "a clearly defined and serious injury." *See In re Cendant*, 260 F.3d at 194; *Pansy*, 23 F.3d at 786; *Rossi*, 2008 WL 222323, at *3. In turn, Petitioner has failed to demonstrate good cause to overcome "the strong . . . presumption of access" to court records. *See In re Cendant*, 260 F.3d at 194. As a result, the Court will deny Petitioner's motion to seal. Accordingly, and for good cause shown,

IT IS, on this 1st day of March 2023,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submissions; and it is further

**ORDERED** that Petitioner's motion to seal or otherwise restrict public access, (D.E. 7.), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon

---

[2] The Court notes that Petitioner does not dispute that he received the second E1-override on remand, he merely disputes the propriety of that decision. (D.E. 1, at 2.)

6

Petitioner by regular U.S. mail and once again CLOSE this case.

                                                                                                 _____
                                                                                                 JOHN MICHAEL VAZQUEZ
                                                                                                 United States District Judge