<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MICHAEL K. ORGERA, | : | |
| | : | Civil Action No. 20-6957 (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | : | |
| | : | |
| Respondent. | : | |

Before the Court is Petitioner's request to correct the procedural history in the Court's March 1, 2023, Opinion. (D.E. 14.) Petitioner failed to include information regarding the results of his second E-1 override in his Petition or earlier filings, because he "assumed the Court had access to it or was aware the E-1 override was removed and replaced with a K-1 override." (D.E. 14, at 7.) It is a litigant's duty to inform the Court of information that is relevant to his case. Nevertheless, the Court will amend its March 1, 2023, Opinion as follows:

1. On Page 2, in the first full paragraph, the final sentence, (D.E. 12, at 2), shall be removed and replaced with: Petitioner successfully challenged his second E-1 override and it was replaced with a K-1 override. (D.E. 14, at 7.) The DOC imposed the "second E-1 override after the Appellate Division rendered its decision but before the DOC received notification of the Division's order vacating the override." (*Id*.) After "the DOC received the . . . decision vacating the E-1 override, the Committee properly removed the E-1 override and reclassified [Petitioner] without it." (*Id.* at 8.) According to Petitioner, "[a]s a result of being wrongfully classified under the E-1 override and held in medium custody, [Petitioner] lost the 'good time credits'" that he would have otherwise earned and filed his § 2241 Petition to recalculate his good time credits. (*Id.* at 5.)

2. Footnotes 1 and 2 shall be removed. (D.E. 12, at 4, n.1; D.E. 12, at 6, n.2.)

Additionally, the Court will amend its October 1, 2020, Opinion, as follows:

1. On Page 1, the third paragraph, (D.E. 2, at 1), shall include: Petitioner successfully challenged his second E-1 override and it was replaced with a K-1 override. (D.E. 14, at 7.) The DOC imposed the "second E-1 override after the Appellate Division rendered its decision but before the DOC received notification of the Division's order vacating the override." (*Id*.) After "the DOC received the . . . decision vacating the E-1 override, the Committee properly removed the E-1 override and reclassified [Petitioner] without it." (*Id.* at 8.) According to Petitioner, "[a]s a result of being wrongfully classified under the E-1 override and held in medium custody, [Petitioner] lost the 'good time credits'" that he would have otherwise earned and filed his § 2241 Petition to recalculate his good time credits. (*Id.* at 5.)

However, the Court rejects Petitioner's request to clarify that he only has "one conviction, not multiple convictions." (D.E. 4, n. 2.) According to the Appellate Division, he was convicted of two counts of "second-degree endangering-abuse/neglect of a child by person with legal duty to care, N.J.S.A. 2C:24-4(a)(2)." (D.E. 1-2, at 3.) Each count constitutes a separate conviction. *E.g.*, *State v. Hollingsworth*, No. A-0772-14T2, 2017 WL 3568208, at *7 (N.J. Super. Ct. App. Div. Aug. 18, 2017); *State v. Joseph*, No. A-3323-12T2, 2014 WL 9913176, at *4 (N.J. Super. Ct. App. Div. June 22, 2015); *State v. Buyer*, 127 A. 787, 787 (N.J. Sup. Ct. 1925) ("[I]t is entirely settled that where there are several counts in an indictment, each charging a distinct crime, a general verdict of guilty means a separate conviction of each separate offense.").

The remainder of the Court's prior Opinions and Orders shall remain in full force and effect. To the extent Petitioner seeks reconsideration of the Court's March 1, 2023, Opinion, (D.E. 12), Petitioner's submission does not change the Court's conclusion. The Court will deny reconsideration for substantially the same reasons set forth in the Court's prior Opinion. (D.E. 12.) Accordingly,

IT IS, on this 18th day of April 2023,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submission; and it is further

**ORDERED** that Petitioner's request to correct, (D.E. 14), is GRANTED IN PART; the Court's prior Opinions, (D.E. 2, 12) are amended as set forth above; the remainder of the Court's prior Opinions and Orders, shall remain in full force and effect; and it is further

**ORDERED** that to the extent Petitioner seeks reconsideration of the Court's March 1, 2023, Opinion, his request for reconsideration is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail and once again CLOSE this case.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge